IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.: 16-2023-CA-004033
DIVISION: CV-G

JAMES R. POPE,
an individual,

        Plaintiff,

vs.

FEDERAL INSURANCE COMPANY, a
Foreign Profit Corporation,

        Defendant.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JAMES R. POPE (hereinafter "JAMES POPE"), by and through his undersigned attorneys, hereby sues Defendant, FEDERAL INSURANCE COMPANY (hereinafter "FEDERAL"), a foreign profit corporation, and alleges:

## JURISDICTION

1. This is an action seeking damages in excess of $75,000.00 exclusive of costs, interest and attorney's fees.[1]

2. At all times material hereto, Plaintiff was a resident of Jacksonville, Duval County, Florida.

3. At all times material hereto, Defendant, FEDERAL, was a foreign profit corporation licensed under the laws of the State of New Jersey.

---

[1] ¹The estimated value of Plaintiff's claim is in excess of the jurisdictional threshold minimum required by this Court. As such, Plaintiff has made this allegation in paragraph one of Plaintiff's Complaint, and has entered "$75,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the Civil Cover Sheet *for jurisdictional purposes only.* The actual value of Plaintiff's claim will be determined by a fair and just jury in light of the evidence, including non-economic damages, for which there is no exact standard for measuring such damage.

1

4. Venue in this action is proper as Defendant, FEDERAL, regularly conducts business, has offices, and/or has agents and regularly issues policies of insurance in Duval County, Florida.

5. On or about October 17, 2019, at approximately 3:47 p.m., Plaintiff, JAMES POPE, was in the waiting area of a business located at 4131 S. University Boulevard, Jacksonville, Duval County, Florida.

6. At that time and place, Brigitte Ann Kent negligently operated a 2002 Hyundai Sonata, VIN: KMHWF25H12A630380, owned and/or maintained by David Michael Cagle, so that the vehicle she was driving struck the building where Plaintiff was a patron, and against the wall where Plaintiff was seated, causing him to be injured.

7. At all material times, Brigitte Ann Kent was an uninsured/underinsured motorist as defined by Florida Statute §627.727, and the subject FEDERAL Policy herein.

8. Prior to the motor vehicle collision on October 17, 2019, the Plaintiff purchased uninsured/underinsured motorist coverage from FEDERAL having a policy number of 14480644-01, which extended benefits to the Plaintiff. The purpose of such uninsured/underinsured motorist coverage was to provide insurance coverage in the event that the Plaintiff was injured by a party or parties who either had no bodily injury insurance coverage or did not have sufficient bodily injury liability insurance coverage to cover all losses, injuries and damages suffered by the Plaintiff. A copy of the subject FEDERAL Policy has been attached to this Complaint as **Exhibit A**.

### COUNT I

### UM CLAIM AGAINST DEFENDANT, FEDERAL, FOR THE OCTOBER 17, 2019, MOTOR VEHICLE COLLISION

9. The Plaintiff re-alleges paragraphs 1-8 above and further alleges:

10. That at all times material hereto, FEDERAL did sell and cause to be issued a policy of automobile liability insurance, policy number 14480644-01, to Plaintiff with said policy providing coverage to the Plaintiff.

11. The above policy issued by FEDERAL, which provided coverage to Plaintiff as an insured driver, contained Uninsured/Underinsured Motorist Bodily Injury Coverage with limits of $300,000 per accident, Stacked, with three vehicles on the policy.

12. At all times material hereto, Brigitte Ann Kent did not have enough bodily injury insurance coverage or assets to cover all of Plaintiff, JAMES POPE's losses, injuries and damages resulting from the October 17, 2019, motor vehicle collision.

13. As such, Brigitte Ann Kent was an uninsured/underinsured motorist under <u>Florida Statute §627.727</u>, and the subject FEDERALPolicy.

14. Plaintiff, JAMES POPE, has complied with all terms and conditions of the FEDERAL policy, and further, performed all conditions precedent to the bringing of this action. In the alternative, if Plaintiff has not complied with some of the terms or conditions of the FEDERAL policy, FEDERAL has not been prejudiced in any manner whatsoever.

15. Accordingly, FEDERAL is obligated to provide the Plaintiff, JAMES POPE, with uninsured/underinsured motorist benefits under the terms of the automobile policy.

16. FEDERAL has failed to honor its above-referenced contract of insurance with the Plaintiff and has failed to acknowledge or settle the Plaintiff's claim for benefits for the policy of insurance for which is now due and remains unpaid, all to the damage of the Plaintiff, JAMES POPE.

17. As a result of the October 17, 2019, collision and the foregoing allegations which have been incorporated and adopted herein, Plaintiff, JAMES POPE, has suffered permanent

injuries and/or permanent aggravations of pre-existing injuries within a reasonable degree of medical probability and damages and seeks reimbursement from FEDERAL for all losses, injuries and damages incurred by him in the subject collision.

18.     As a direct and proximate result of the negligence of an uninsured/underinsured motorist, Brigitte Ann Kent, Plaintiff, JAMES POPE, was injured in and about his body resulting in pain and suffering, incurred medical and related expenses in the treatment of his injuries, disability, disfigurement, mental anguish, loss of capacity to enjoy life, loss of earnings, loss of earning capacity in the future, and aggravation of a previously existing condition. These losses are either permanent or continuing in nature and he will suffer the losses and impairment in the future.

19.     In that the injuries suffered by the Plaintiff are continuing in nature, he will continue to suffer pain, disfigurement, scarring, psychological and emotional injuries, physical handicap and permanent injury in the future, loss of wages and earning capacity, and will be further compelled to expend great sums of money for future medical care and related treatment for those injuries and will continue to suffer the loss of the capacity for the enjoyment of life.

20.     WHEREFORE, Plaintiff, JAMES POPE, demands judgment against the Defendant, FEDERAL, for damages in excess of $75,000.00, costs of this action, interest, a trial by jury on all issues so triable, and any other relief this Court deems just and proper.

## COUNT II

## VIOLATIONS OF F.S. SECTION 624.155

21.     The Plaintiff readopts and realleges the allegations of paragraphs 1-20 above as if fully contained herein.

22.     This claim will ripen upon the determination by the Court or by confession of judgment by FEDERAL that Plaintiff, JAMES POPE is entitled to the limit of

uninsured/underinsured motorist benefits under the Policy.

23. Plaintiff, JAMES POPE timely reported the claim to FEDERAL and otherwise complied with all of his obligations under the Policy.

24. On February 3, 2022, Plaintiff, JAMES POPE, filed a Civil Remedy Notice of Insurer Violations ("CRN") with the Florida Department of Insurance and served a copy of the CRN upon FEDERAL . A copy of the CRN is attached hereto as Exhibit "B."

25. As a result of the injuries caused by the negligence of the underinsured motorist and the relationship between the parties under the Policy, FEDERAL, owed a duty to Plaintiff, JAMES POPE to attempt in good faith to settle Plaintiff's uninsured/underinsured motorist claim when, under all the circumstances it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for Plaintiff, JAMES POPE's interests.

26. FEDERAL further owed to Plaintiff, JAMES POPE a duty to refrain from engaging in unfair claim settlement practices.

27. FEDERAL breached its duties to Plaintiff, JAMES POPE, in violation of <u>Florida Statute §624.155</u>, by:

    a. Failing to attempt in good faith to settle Plaintiff, JAMES POPE's uninsured/underinsured motorist claim when under all of the circumstances it could have and should have done so, had it acted fairly and honestly and with due regard for Plaintiff, JAMES POPE's interests, who was an insured, in violation of Florida Statutes §624.155(1)(b)(1);

    b. Engaging in unfair claims settlement practices in violation of §626.9541(1)(i)(3) a, c, d, and f, Florida Statutes. More specifically, FEDERAL

      i.      failed to adopt and implement standards for the proper investigation of claims, including coverage;

      ii.      failed to acknowledge and at promptly upon communications with respect to claims;

      iii.      denied claims without conducting a reasonable investigation based upon the evidence;

      ii.      failed to provide a reasonable written explanation of the basis in the insurance policy, in relation to the facts or applicable law, for denial of a claim or for the offer of a compromise settlement;

28.    The acts complained of herein constituted FEDERAL's general business practices in that they (a) were expressions of, and in compliance with, standard company practices and procedures, (b) are said by FEDERAL to be in conformity with what it contends are standard and good faith claims practices, and consequently or incidentally, (c) occur with such frequency as to indicate general business practices.

29.    As a direct and proximate result of FEDERAL's actions and/or inactions as set forth above, Plaintiff, JAMES POPE has been damaged.

30.    Defendant failed to cure its bad faith and more than 60 days have passed since the filing and service date of the CRN.

31.    As a result of FEDERAL's failure to act in good faith and statutory violations alleged above, Plaintiff, JAMES POPE is entitled to recover the total amount of his damages pursuant to Florida Statutes §627.727(10), including all damages suffered as a result of the October 17, 2019 collision, and all damages caused by FEDERAL's failure to act in good faith and committing of the statutory violations alleged above.

32. FEDERAL's violation of §624.155, Florida Statutes, has caused damages to Plaintiff, JAMES POPE of interest on unpaid benefits, pre-judgment interest accrued since the date of FEDERAL's violation; attorneys' fees incurred by Plaintiff, JAMES POPE in the prosecution of his claim for uninsured/underinsured motorist benefits and prejudgment interest thereon; costs incurred in the prosecution of Plaintiff, JAMES POPE's claim for UM benefits, including expert witness fees; costs incurred in the prosecution of Plaintiff, JAMES POPE's claim for violation of Section 624.155, Florida Statutes; and post-judgment interest.

32. As a further direct and proximate result of FEDERAL's failure to act in good faith and statutory violations alleged above, Plaintiff, JAMES POPE had to retain the services of the undersigned attorneys and contracted with them for the payment of their attorneys' fees to bring this action and recover the excess damages owed by FEDERAL. By operation of law, including § 627.428, Florida Statutes, FEDERAL will be obligated to pay those fees upon the successful conclusion of Plaintiff, JAMES POPE's claim.

33. All conditions precedent to Plaintiff, JAMES POPE's rights to bring this action have occurred or been satisfied.

WHEREFORE, the Plaintiff, JAMES POPE, demands judgment against Defendant, FEDERAL, a foreign corporation, for the total damages suffered by Plaintiff, pre and post-judgment interest, attorneys' fees pursuant to §624.155, 627.727(10), and §627.428, Florida Statutes, costs, and any and all other relief this Court deems necessary and proper.

Dated this 27th day of April, 2023.

**COKER LAW**

  /s/  *Chelsea R. Harris*
**CHELSEA R. HARRIS, ESQ.**
Florida Bar No.: 28368
**DANIEL A. IRACKI, ESQ.**
Florida Bar No.: 0041212
136 East Bay Street
Jacksonville, Florida 32202
(904) 356-6071
(904) 353-2425 Facsimile
crh@cokerlaw.com (Primary)
cam@cokerlaw.com
ced@cokerlaw.com
Attorneys for Plaintiff